302 F.2d 352
 WAREHOUSEMEN'S UNION LOCAL 6, INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION, Appellant,
v.
Roy O. HOFFMAN, Regional Director of the Twentieth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Colgate-Palmolive Company, Appellees.
 No. 17826.
 United States Court of Appeals Ninth Circuit.
 April 13, 1962.
 
 Aubrey Grossman, of Edises, Treuhaft, Grossman & Grogan, Oakland, Cal., for appellant.
 Stuart Rothman, General Counsel, Dominick L. Manoli, Associate Gen. Counsel, Julius G. Serot, Asst. Gen. Counsel, for N. L. R. B., Washington, D. C., and Walter N. Moldawer, Attorney for N. L. R. B., San Francisco, Cal., for appellee.
 Before POPE, HAMLEY and DUNIWAY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Warehousemen's Union Local 6 appeals from the granting of a temporary injunction on April 4, 1962 in an action brought by the Regional Director of the Twentieth Region of the National Labor Relations Board under Section 10(l) of the National Labor Relations Act, as amended (29 U.S.C.A. § 160(l)).[1] The complaint charges that the Regional Director has reasonable cause to believe that the union has violated Section 8(b) (4) (i) (ii) (B) of the Act (29 U.S.C.A. § 158(b) (4) (i) (ii) (B)). This is the section prohibiting so-called secondary boycotts. The union appealed on April 5, 1962 and promptly moved this Court for an order staying the injunction. The record on appeal was filed in this Court on April 11, 1962 and both parties on that day filed briefs in which the merits as well as the motion for stay are fully discussed, and the matter was argued on April 12, 1962. At the opening of the oral argument, both parties agreed that, at the conclusion of the argument, the appeal would be submitted for decision on the merits, together with the motion for stay, without the filing of further briefs.
 
 
 2
 The matter arises out of the fact that the union has for some time been engaged in a primary strike against Colgate-Palmolive Company at its plant in Berkeley, California, and has admittedly picketed the operations of Asaro, which is a trucking company hauling goods for Colgate as an independent contractor. The Court made detailed findings as to the conduct of the union and found "there is, and petitioner has, reasonable cause to believe that: * * * Local 6 has engaged in, and has induced and encouraged individuals employed by Asaro to engage in, strikes or refusals in the course of their employment to use, transport, or otherwise handle or work on goods, articles, materials or commodities, or to perform services, and has threatened, coerced and restrained Asaro and other persons engaged in commerce or in industries affecting commerce."
 
 
 3
 It will be noted that the Court did not find merely that the Regional Director had reasonable cause to believe that the unfair labor practice charge is true; it also found that there is reasonable cause so to believe. We conclude that the Court's findings are not clearly erroneous.[2] The Court did not purport to find that there has in fact been an unfair labor practice by the union. That question is to be decided by the National Labor Relations Board in a proceeding now pending before that Board. Likewise, we express no opinion on that question. The findings of the trial court not being clearly erroneous, and there being no showing that the trial court abused its discretion, we find no error.
 
 
 4
 The motion for a stay is denied and the judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 "(l) Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4) (A), (B), or (C) of section 158(b) of this title * * * the preliminary investigation of such charge shall be made forthwith * * *. If, after such investigation, the officer or regional attorney to whom the matter may be referred has reasonable cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any United States district court within any district where the unfair labor practice in question has occurred, * * * for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter. Upon the filing of any such petition the district court shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper, notwithstanding any other provision of law * * *."
 
 
 [2]
 Schauffler v. National Labor Relations Board, 3 Cir., 1960, 292 F.2d 182, 187, and cases there cited