Hugh E. SPERRY, Regional Director of the Seventeenth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

LOCAL JOINT BOARD, HOTEL & RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION, LOCALS 19, 266, 420, 503 AND 655 OF the HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION et al., Respondents.

No. 14290-2.

United States District Court
W. D. Missouri, W. D.
April 12, 1963.

Harry L. Browne, for Downtowner Motor Inns, Inc., Kansas City, Mo., Thomas C. Hendrix and Richard B. Hutchinson, N.L.R.B., Kansas City, Mo., Stuart Rothman, Dominick L. Manoli and Julius G. Serot, N.L.R.B., Washington, D. C., for petitioner.

John J. Manning and Robert S. Fousek, Kansas City, Mo., for respondent.

GIBSON, Chief Judge.

This cause came on to be heard upon the verified petition of Hugh E. Sperry, Regional Director of the Seventeenth Region of the National Labor Relations Board (herein called the Board), for a temporary injunction pursuant to § 10 (*l*) of the National Labor Relations Act, as amended (herein called the Act), pending the final disposition of the matters involved herein pending before the Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. Respondents filed an answer to said petition. A hearing on the issues raised by the petition and answer was duly held on March 22, 1963. All parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, to present evidence bearing on the issues, and to argue on the evidence and the law. The Court has fully considered the petition, answer, evidence, arguments, and briefs of counsel. Upon the entire record, the Court makes the following:

### Findings of Fact

1. Petitioner is Regional Director of the Seventeenth Region of the Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. On or about January 25, 1963, Nationwide Downtowner Motor Inns, Inc., d/b/a Downtowner and Downtowner Motor Inn (herein called Downtowner), pursuant to provisions of the Act, filed a charge with the Board alleging that Local Joint Board, Hotel & Restaurant Employees and Bartenders International Union, Locals 19, 266, 420, 503 and 655 of the Hotel and Restaurant Employees and Bartenders International Union; Local 19 Hotel and Restaurant Employees and Bartenders International Union; Local 266 Hotel and Restaurant Employees and Bartenders International Union; Local 420 Hotel and Restaurant Employees and Bartenders International Union; Local 503 Hotel and Restaurant Employees and Bartenders International Union and Local 655 Hotel and Restaurant Employees and Bartenders International Union (herein respectively called respondent Joint Board and respondents Locals 19, 266, 420, 503 and 655, and referred to collectively as respondents), labor organizations, have engaged in, and are engaging in, unfair labor practices within the meaning of § 8(b) (7), subparagraph (C) of the Act.

3. The aforesaid charge was referred to petitioner as Regional Director of the Seventeenth Region of the Board.

4. There is, and petitioner has, reasonable cause to believe that:

(a) Respondents, unincorporated associations, are organizations in which employees directly or indirectly participate and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

(b) Respondents maintain their principal offices in Kansas City, Missouri. At all times material herein respondents Locals 19, 266, 420, 503 and 655 have been engaged within this judicial district in transacting business and in promoting and protecting the interests of their employee members, and at all times material herein respondent Joint Board has been engaged within this judicial district in transacting business and in promoting and protecting the interests of its members and members of affiliated and constituent labor organizations.

(c) Downtowner is engaged in Kansas City, Missouri, in the operation of a motel and its gross volume of business annually exceeds $500,000. In the operation of its business, Downtowner an-

nually receives goods and materials from outside the state of Missouri valued at in excess of $10,000.00.

(d) Respondents are not currently certified as the representative of any of Downtowner's employees.

(e) No charge has been filed with the Board under § 8(a) (2) of the Act alleging that Downtowner has unlawfully recognized or assisted any labor organization.

(f) A charge was filed with the Board subsequent to the filing of this action under § 8(a) (5) of the Act alleging that Downtowner has unlawfully refused to bargain with respondents, but said charge has been dismissed by the Board, as being without merit.

(g) Notwithstanding the aforesaid, respondents, since on or about October 19, 1962, have demanded that Downtowner recognize and bargain with respondents as the representatives of Downtowner's employees or have been attempting to compel Downtowner's employees to accept or select respondents as their collective bargaining representatives.

(h) In furtherance of the aforesaid demand for recognition and bargaining or attempt to compel Downtowner's employees to accept or select respondents as their collective bargaining representatives, respondents, since on or about October 19, 1962, have picketed or caused to be picketed Downtowner.

(i) The aforesaid picketing has been conducted for more than thirty (30) days without the filing of a petition under § 9(c) of the Act for a Board election.

(j) The aforesaid picketing has induced individuals employed by suppliers, service companies, common carriers, and other persons, not to make pick-ups or deliveries at Downtowner's premises, or perform services at such premises.

(k) An object of respondents' picketing set forth in Findings of Fact 4(h), (i) and (j) above, is to force or require Downtowner to recognize or bargain with respondents as the representatives of Downtowner's employees or force or require Downtowner's employees to accept or select respondents as their collective bargaining representatives, notwithstanding that respondents are not currently certified as the representatives of such employees.

(l) The acts and conduct of respondents set forth in Findings of Fact 4(h), (i), (j), and (k) above, occurring in connection with the operations of Downtowner, have a close, intimate, and substantial relation to trade, traffic, and commerce among the several States and tend to lead to and do lead to labor disputes burdening and obstructing commerce and the free flow of commerce.

5. It may fairly be anticipated that, unless enjoined, respondents will continue and repeat the acts and conduct set forth in Findings of Fact 4(h), (i), (j), and (k) above, or similar or like acts and conduct.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of this proceeding, and under § 10(l) of the Act is empowered to grant injunctive relief.

2. There is, and petitioner has, reasonable cause to believe that:

(a) Respondents are labor organizations within the meaning of § 2(5), 8(b) and 10(l) of the Act.

(b) Downtowner is engaged in commerce within the meaning of § 2(6) and (7) of the Act.

(c) Respondents have engaged in unfair labor practices within the meaning of § 8(b) (7), subparagraph (C) of the Act, affecting commerce within the meaning of § 2(6) and (7) of the Act, and a continuation of these practices will impair the policies of the Act as set forth in § 1(b) thereof.

3. To preserve the issues for the orderly determination as provided in the Act, it is appropriate, just and proper that, pending the final disposition of the matters herein involved pending before the Board, respondents, their officers,

representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with them, be enjoined and restrained from the commission, continuation, or repetition, of the acts and conduct set forth in Findings of Fact 4(h), (i), (j), and (k) above, acts or conduct in furtherance or support thereof, or like or related acts or conduct the commission of which in the future is likely or may fairly be anticipated from respondents' acts and conduct in the past.

## OPINION

██ The sole question for this Court in considering whether the injunction should issue is whether there is reasonable cause to believe that the elements of an unfair labor practice are present. Schauffler for and on Behalf of N. L. R. B. v. Local 1291, International Longshoreman's Ass'n, 292 F.2d 182, 187 (3 Cir. 1961). Congress has seen fit to vest in the National Labor Relations Board primary authority to enforce and pass upon questions involving the application and interpretation of the sections of the National Labor Relations Act which delineate unfair labor practices, both by labor organizations and by employers. Thus the final merits of whether the picketing involved in this action amounts to an unfair labor practice must be left to the Board, and the sole question before the Court becomes, as previously stated, whether there is reasonable cause to believe that the elements of an unfair labor practice are present and if so, whether equity requires the issuing of the injunction as provided for in § 10 (*l*) of the Act.

Respondents have claimed in this action that they had a binding contract with the Downtowner, which contract contained a recognition clause, and that the picketing was for the purpose of securing compliance with the contract, and was not organizational in nature. The Petitioner and Downtowner claim that there was no such contract, or that if there was, it has been rescinded. It is the opinion of the Court that this is not the proper proceeding in which to litigate the merits of the alleged contract. Respondents are the plaintiffs in another action pending in this Court in which that very question of the validity of this contract is the ultimate issue.

██ Respondents themselves contend that the question of whether a union can be guilty of organizational picketing while they are under a valid contract is a novel one, on which the NLRB has not passed. Since § 8(b) (7) of the Act makes no mention of a union which is under contract, but merely prohibits organization or recognition picketing where the union is not "certified" this would lead one to believe that the existence of a valid contract should not be relevant to the inquiry of whether unfair picketing has occurred, where the union in fact was not certified. Because the power of the National Labor Relations Board is not limited merely to determining the facts in relation to these disputes, but it is also charged with the interpretation of the Act, subject to review in the appellate courts, it appears that the existence of a possible reasonable interpretation of the Act which would make the conduct of the union subject to complaint of an unfair labor practice would, of itself, suggest that the Board would have reasonable cause to believe that an unfair labor practice has been committed. Of course, if the Act, in any given case, could not be reasonably construed to render the union guilty of an unfair labor practice, then the injunction should not issue. However, where a reasonable interpretation of the Act might render the union guilty of an unfair labor practice, and the Court is of the opinion that such a reasonable interpretation might exist in this case, the ultimate issues, legal as well as factual, should be left to the decision of the Board.

██ Since the Court is of the opinion that the petitioner has reasonable cause to believe that an unfair labor practice has been committed by respondents in violation of § 8(b) (7) (C) of the Act, the injunction should issue to preserve

the status quo before the picketing was started, and the ultimate questions involved, of course, will be passed upon by the Board, in due course.

Since this is simply an interlocutory action, the Court is not passing upon the merits of the alleged collective bargaining agreement and the Court does not pass on the validity or alleged rescission of such agreement, and specifically this action is not prejudicial in any manner to respondent's right to prosecute their action concerning the validity of said agreement.

Judgment will be entered in accordance herewith.