LOCAL JOINT BOARD, HOTEL & RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION, etc., et al., Appellants,

v.

Hugh E. SPERRY, Regional Director of the Seventeenth Region of the National Labor Relations Board, Appellee.

No. 17382.

United States Court of Appeals Eighth Circuit.

Oct. 11, 1963.

Robert S. Fousek, Kansas City, Mo., made argument for the appellants and filed brief.

Lee M. Modjeska, Atty., N.L.R.B., Washington, D. C., made argument for the appellee and was on the brief with Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Julius G. Serot, Asst. Gen. Counsel and Frank H. Itkin, Atty., N.L.R.B., Washington, D. C.

Harry L. Browne, of Spencer, Fane, Britt & Browne, Kansas City, Mo., made argument for amicus curiae and filed brief. Clifton L. Elliott, Kansas City, Mo., and Newell N. Fowler, Memphis, Tenn., were with him on the brief.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and DAVIES, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by the defendant Union [1] from an order of the district court granting a temporary injunction upon petition of the Regional Director on behalf of the National Labor Relations Board. The petition was filed pursuant to § 10 (*l*) [2] of the National Labor Relations Act as amended.

Jurisdiction of the trial court and this court is established.

The petition was predicated upon a charge filed with the Regional Director by Nationwide Downtowner Motor Inns, Inc., (Downtowner), alleging that the Union was engaging in unfair labor practices proscribed by § 8(b) (7) (C) of the

---

1. Defendants are Local Joint Board Hotel & Restaurant Employees and Bartenders International Union, Locals 19, 266, 420, 503 and 655 of the Hotel and Restaurant Employees and Bartenders International Union; Local 19 Hotel and Restaurant Employees and Bartenders International Union; Local 266 Hotel and Restaurant Employees and Bartenders International Union; Local 420 Hotel and Restaurant Employees and Bartenders International Union; Local 503 Hotel and Restaurant Employees and Bartenders International Union and Local 655 Hotel and Restaurant Employees and Bartenders International Union. They have a common interest in this litigation and they will be referred to collectively in this opinion as Union.

2. 29 U.S.C.A. § 160(*l*). Statutory citations in this opinion relate to the National Labor Relations Act as amended, 29 U.S. C.A. § 151 et seq.

Act. After investigation, the Regional Director determined that there was reasonable cause to believe that the Union had engaged in the unfair labor practice proceedings charged and that a complaint by the General Counsel of the Board should issue. The petition in the present case prays for injunctive relief pending the final disposition of the unfair labor charges pending by the Board. After due notice and hearing, the court on April 12, 1963, filed a memorandum opinion incorporating findings of fact which is reported at 216 F.Supp. 263, and the court entered an order granting the temporary injunction as prayed. Upon the basis of its fact findings, the court concluded that there was reasonable cause to believe that an object of the Union's picketing was to force or require Downtowner to recognize or bargain with the Union as the representative of the company's employees, notwithstanding that the Union was not currently certified as a representative of such employees and that the picketing had been conducted for more than thirty days without a petition for an election under § 9(c) being filed, and that there was reasonable cause to believe that the Union was engaging in unfair labor practices within the meaning of § 8(b) (7) (C) and that in order to preserve the issues for orderly determination by the Board, it was "appropriate, just and proper that, pending the final disposition of the matters herein involved pending before the Board," the Union should be enjoined from engaging in such conduct.

■ The scope of review of a § 10(l) proceeding is limited to a determination of whether the trial court's finding that there is reasonable cause to believe that a violation of the Act charged has been committed is clearly erroneous and whether the trial court abused its discretion in granting injunctive relief. Cuneo for and on Behalf of N. L. R. B. v. Local No. 825, Int'l. Union of Operating Engineers, 3 Cir., 306 F.2d 394, 397; Warehousemen's Union Local 6, Intern. Longshoremen's and Warehousemen's Union v. Hoffman, 9 Cir., 302 F.2d 352; Schauffler for and on Behalf of N. L.

R. B. v. Local 1291, Int'l. Longshoremen's Ass'n., 3 Cir., 292 F.2d 182, 187–188.

■ In the Schauffler case, Judge Biggs emphasizes that the purpose of § 10(l) proceedings is to maintain the status quo pending final adjudication by the Board with respect to the unfair labor charge and goes on to say:

"The Board need not show that an unfair labor practice has been committed, but need only demonstrate that there is reasonable cause to believe that the elements of an unfair labor practice are present. Nor need the Board conclusively show the validity of the propositions of law underlying its charge; it is required to demonstrate merely that the propositions of law which it has applied to the charge are substantial and not frivolous. * * *

"At least some of these questions must be recognized to be other than frivolous in nature. If, in a Section 10(l) proceeding, a district court or a court of appeals undertook to finally adjudicate such questions it would not be acting consistently with the congressional policy underlying Section 10(l). That Section's usefulness as a tool with which the status quo may be preserved pending final adjudication would be diminished insofar as the Board would be required to finally litigate questions of substance at a preliminary stage. Moreover, the court would not have the benefit of the Board's opinion on questions of fact and novel questions of labor law when making its decision. Thus, the court would, to some extent, usurp the Board's function as the primary fact finder in cases arising under the Act and its function as primary interpreter of the statutory scheme." * * * 292 F.2d 182, 187, 188.

We have examined the record. No purpose will be served in detailing the facts. The trial court's reported opinion adequately reflects that there are disputed fact issues which may have an important bearing upon the unfair labor charge,

78

with respect to which the Board, under the statutory pattern, should be the primary fact finder. Among such issues is the disputed issue of whether the picketing was in protest to existing labor conditions as contended by the Union or whether an object of the picketing was Union recognition. The evidence is conflicting on whether Downtowner is a party to a collective bargaining agreement with the Union and if so, whether it is bound by the amended agreement; and there is also an issue with respect to repudiation of the agreement.

In addition, the interpretation and scope of § 8(b) (7) (C) raises many complex legal problems which have not been passed upon by the Supreme Court. The complexity of such problems is indicated by the divided opinion of the Board on rehearing in the case of International Hod Carriers, Local 840, (Blinne Construction Co.), 135 NLRB 1153. There the Board majority, among other things, determined that an unfair labor practice by the employer is not ordinarily a defense to a § 8(b) (7) (C) charge. The Board majority also rejected a contention that § 8(b) (7) (C) "was not designed to proscribe picketing for recognition or organization by a majority union." In answering such contention, the Board states:

"To be sure, the legislative history is replete with references that Congress in framing the 1959 amendments was primarily concerned with 'blackmail' picketing where the picketing union represented none or few of the employees whose allegiance it sought. Legislative references susceptible to an interpretation that Congress was concerned with the evils of majority picketing are sparse. Yet it cannot be gainsaid that Section 8(b) (7) by its explicit language exempts only 'currently certified' unions from its proscriptions. Cautious as we should be to avoid a mechanical reading of statutory terms in involved legislative enactments, it is difficult to avoid giving the quoted words, essentially

words of art, their natural construction. Moreover, such a construction is consonant with the underlying statutory scheme which is to resolve disputed issues of majority status, whenever possible, by the machinery of a Board election. Absent unfair labor practices or preelection misconduct warranting the setting aside of the election, majority unions will presumably not be prejudiced by such resolution. On the other hand, the admitted difficulties of determining majority status without such an election are obviated by this construction." 135 NLRB 1153, 1162.

In our present case, it is undisputed that the Union has not been certified as bargaining agent for an appropriate unit and that the strike has been going on for more than thirty days and that the Union has not filed a § 9(c) petition for an election. The picketing at Downtowner premises continued for some six months and until the injunction was granted. There is evidentiary support for the court's determination that the picketing induced employees of suppliers and carriers to refuse pick up and delivery services to the employer.

While the Union had just prior to the injunction hearing filed a § 8(a) (5) charge against Downtowner, such charge was promptly investigated and dismissed as being without merit by the Regional Director.

The trial court concludes its opinion as follows:

"Since the Court is of the opinion that the petitioner has reasonable cause to believe that an unfair labor practice has been committed by respondents in violation of § 8(b) (7) (C) of the Act, the injunction should issue to preserve the status quo before the picketing was started, and the ultimate questions involved, of course, will be passed upon by the Board, in due course.

"Since this is simply an interlocutory action, the Court is not passing upon the merits of the alleged collective bargaining agreement and the

Court does not pass on the validity or alleged rescission of such agreement, and specifically this action is not prejudicial in any manner to respondent's right to prosecute their action concerning the validity of said agreement." 216 F.Supp. 263, 266–267.

 The Union has failed to demonstrate that the trial court's reasonable cause determination is clearly erroneous or that the court abused its discretion in granting the temporary injunction.[3]

Like the trial court, we emphasize that we herein express no view as to the merits of the unfair labor charge pending before the Board or the merits of a pending action by the Union to enforce its alleged contractual rights. What we have heretofore said with respect to the issue of statutory interpretation is only for the purpose of illustrating that substantial questions of statutory determination are presented and does not express any view as to what the final interpretation of the statute should be. As above stated, our holding here is limited to our determination that a reasonable cause exists for the trial court's action in granting the temporary injunction.

The Union in a one paragraph argument asserts that the court order denies them their constitutional right to truthfully tell the public of their plight. It is well established that Congress has power to proscribe picketing which has as its objective the violation of a valid and specifically defined policy. International Brotherhood of Electrical Workers Local 501, A. F. of L. v. N. L. R. B., 341 U.S. 694, 705, 71 S.Ct. 954, 95 L.Ed. 1299; International Brotherhood of Teamsters Local 695, A. F. L. v. Vogt, Inc., 354 U.S. 284, 293, 77 S.Ct. 1166, 1 L.Ed.2d 1347.

In Greene v. International Typographical Union, D.C.Conn., 182 F.Supp. 788, the constitutionality of § 8(b) (7) (C) is specifically upheld against an attack similar to that here made.

The Act contains many safeguards to preserve the right of free speech. We deem the Union's attack upon the constitutionality of the statute to be without merit. This is particularly true in the present posture of this case where difficult problems of interpretation, which could have a bearing upon the constitutionality issue, have not been finally resolved.

The order granting the temporary injunction is affirmed.

---

3. During oral argument Union counsel presented the court with a copy of the intermediate report of the Trial Examiner dated August 26, 1963, recommending a dismissal of the § 8(b) (7) (C) charge pending before the Board. Such report is not a part of the record on this appeal. To the extent that the Examiner's opinion may have any value as a precedent, we observe that the disposition of the charge rests with the Board subject to court review and that the Board has not yet acted upon the report. In our view, the Trial Examiner's order has no effect upon the validity of the trial court's reasonable cause findings.